JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In the early morning hours of October 2, 2003, defendant-appellant Kwabana Anderson and a co-defendant robbed and killed Marvin Bowman. Anderson was charged with aggravated murder, murder, and two counts of aggravated robbery. All the charges carried gun specifications. Anderson filed a motion to suppress, which the trial court denied after a hearing. Anderson subsequently entered into a plea agreement with the state whereby he pleaded guilty to murder in violation of R.C. 2903.02
and an accompanying gun specification. In exchange for his guilty plea, the state dismissed the remaining charges against him. The trial court sentenced Anderson to an agreed sentence of fifteen years to life to be served consecutively to a three-year term for the gun specification, for a total sentence of eighteen years to life.
In his sole assignment of error, Anderson argues that he was denied the effective assistance of counsel by his counsel's failure to inform him that by entering a guilty plea, he would waive any challenge on appeal to the denial of his motion to suppress. Anderson contends that had his counsel advised him to plead no contest he could have successfully challenged on appeal the trial court's denial of his motion to suppress.
To prevail on his claim of ineffective assistance of counsel, Anderson must show that his counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by such performance.[1] "A court must indulge a strong presumption that counsel's performance falls within a wide range of reasonable professional assistance."[2]
Having reviewed the record, we conclude that Anderson's claim lacks merit. First, Anderson has not demonstrated that his counsel's performance was deficient. Anderson's counsel had sought to suppress evidence recovered from Anderson's person and from the scene following his arrest, as well as Anderson's statements to the police. Anderson's counsel had argued that the police did not have sufficient cause on the night of the murder to arrest him without a warrant, and that his statements to police were involuntary and obtained by coercive and inappropriate police conduct. Anderson's counsel had further argued that Anderson's state of intoxication, which was due to his consumption of alcohol on the day of the murder, had affected his ability to give a knowing and intelligent waiver of his Miranda rights.
The trial court held that the initial stop of Anderson and his co-defendant was justified because the police had responded to reports of gunshots and a car accident in a high-crime area, at around 3:00 a.m., when the area had little to no traffic. When the first officer arrived, he saw Anderson and his co-defendant's vehicle parked unusually on the street. As the officer approached, Anderson got out of the vehicle and began to run away. He then stopped, came back to the car, and crouched down as if using the car for protective cover, while holding in his hand an object that appeared to be a gun. We agree with the trial court that these facts gave the officer a reasonable, articulable, and justifiable suspicion to believe that Anderson was engaging in criminal activity.
As the police officer, who had now been joined by two other officers, was investigating the scene, he learned of a gunshot victim up the street. The officers then removed Anderson and the co-defendant from the car. The officer testified that he had seen blood on Anderson's shoes and pants, and that Anderson had told him that he had two outstanding warrants for his arrest. At that point, the officer read Anderson his Miranda
rights and placed him under arrest. Given the officer's knowledge of the gunshot victim up the street and the blood on Anderson's pants and shoes, we agree with the trial court that the police officer had probable cause to place Anderson under arrest. Nothing in the record suggests that Anderson's waiver of his rights or his subsequent statement to police was attributable to coercive police activity, or that Anderson was so intoxicated that he could not give a knowing, voluntary, and intelligent waiver. As the trial court noted, Detective Laurie Wobser testified that Anderson had been read his rights at the police station, that he had signed a notification of rights form, which he stated he understood, and that he had appeared calm and relaxed during his statements. Under these circumstances, we cannot say the trial court's ruling on the motion to suppress would have been reversible on appeal.
Furthermore, once Anderson was in custody, the police searched the vehicle incident to his arrest and recovered, among other things, a handgun from under the passenger side of the vehicle where Anderson had been sitting. Given the evidence against him, it is highly likely that, had Anderson proceeded to trial, he would have been convicted of all the charges and specifications,[3] and would have faced a potential penalty of thirty-three years to life. Under the plea agreement his counsel had negotiated, Anderson was sentenced to eighteen years to life, slightly more than one-half of the potential sentence he would have faced if convicted of all the charges and specifications. Given these facts, we cannot conclude that Anderson was prejudiced by his counsel's failure to have him plead no-contest to the charges. We, therefore, overrule his sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann and Hendon JJ.
[1] Strickland v. Washington (1984), 466 U.S.668, 687, 104 S.Ct. 2052.
[2] Id. at 689.
[3] Anderson's co-defendant, Sirr Dunn, had already entered into a plea agreement with the state in exchange for his future testimony against Anderson.